```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    :
STEWART MEYERS,
                                                    :
                          Plaintiff,                :   08 Civ. 4769 (DF)

              -against-                             :   MEMORANDUM
                                                        AND ORDER
                                                    :
ALLSTATE INSURANCE COMPANY,
                                                    :
                          Defendant.
------------------------------------------------------------------X
```

**DEBRA FREEMAN, United States Magistrate Judge:**

This insurance dispute, before me on consent pursuant to 28 U.S.C. § 636, arises out of a motor vehicle accident that occurred in Connecticut. Plaintiff, Stewart Meyers ("Plaintiff"), was injured in the accident and seeks to recover under a supplemental uninsured motorist provision ("SUM Provision") in a policy that defendant, Allstate Insurance Company ("Defendant"), issued to him. Defendant now moves to transfer venue from this district to the District of Connecticut or, in the alternative, to the Northern District of New York. For the reasons discussed below, Defendant's motion (Dkt. 7) is granted, and this action shall be transferred to the District of Connecticut.

## BACKGROUND

Plaintiff was injured when his vehicle collided with another vehicle on July 29, 2006, in Danbury, Connecticut. (Affidavit of Stewart Meyers, dated September 23, 2008 ("Pl. Aff."), at ¶ 3, attached to Affirmation in Opposition to Motion to Remove of John A. Maher, dated Sept. 23, 2008 ("Maher Aff."); Pl. Aff. Ex. A (Accident Report, dated July 29, 2006).) At the time, Plaintiff was a Connecticut resident, and his car was registered in Connecticut. (*Id*.) He

purchased the policy at issue in Connecticut from Defendant, an Illinois Corporation. (Affirmation in Support of Motion of James K. Hogan, dated Sept. 8, 2008 ("Hogan Aff.") Ex. C (Plaintiff's Insurance Policy); Hogan Aff., at ¶ 14.)  Soon after the accident, Plaintiff and Defendant began negotiating the amount to which Plaintiff may have been entitled under the SUM Provision.  In October, 2006, during these negotiations, Plaintiff moved to New Paltz, New York, which is located in Ulster County and is within the Northern District of New York. (Pl. Aff., at ¶ 2; Maher Aff., at ¶18.)

Although the parties apparently agreed that the SUM Provision was available to cover the cost of at least certain of Plaintiff's injuries, they were unable to agree as to the extent of that coverage. (*See* Maher Aff., at ¶ 20.)  Consequently, Plaintiff filed this action on April 1, 2008, in New York Supreme Court, Bronx County.  (Hogan Aff. Ex. E (Plaintiff's Complaint, dated Apr. 1, 2008).)  Defendant removed the case to this Court on May 22, 2008, based on diversity of citizenship, and the parties have since engaged in discovery.  (Hogan Aff., at ¶ 10; Reply Affirmation in Support of Motion of James K. Hogan, dated Sept. 25, 2008 ("Hogan Repl. Aff."), at ¶ 5.)

Some time in late July, 2008, counsel for Defendant discovered a purported endorsement to Plaintiff's policy that contains a clause specifying that any litigation relating to the policy must be brought in either the state or federal courts of Connecticut.  (Hogan Aff., at ¶¶ 12-13.)  Plaintiff and his counsel, however, claim that Defendant sent them certified copies of the policy three times – twice in 2006 – and that none of those policies contained the endorsement in question, or any a forum selection clause. (Maher Aff., at ¶¶ 8-10.)  Defendant filed this motion on September 8, 2006, relying largely on the forum selection clause as a basis for its request to transfer the case.  Defendant also argues that a transfer is warranted because Plaintiff was a

2

Connecticut resident and his vehicle was registered and insured in Connecticut at the time of the accident; the surgeon who treated Plaintiff resides in Connecticut; Connecticut law governs; and this action has no connection to the Southern District of New York.

Although this Court initially deferred deciding the transfer motion while the parties were actively engaged in settlement negotiations, it now appears that a settlement will not soon be forthcoming. Accordingly, the Court has turned to the merits of Defendant's motion.

## **DISCUSSION**

Even if venue is proper under 28 U.S.C. §1441(a),[1] a district court may transfer a removed action to another district where it might have been brought if such a transfer is "in the interest of justice" and if the convenience of the witnesses and parties warrants transfer. 28 U.S.C. §1404(a).[2] The moving party bears the burden of making a clear-cut showing that a transfer is appropriate. *Liberty Mutual Fire Insurance v. Costco Wholesale Corp.*, No. 06 Civ. 5226 (PKL), 2007 U.S. Dist. LEXIS 63435, at *4 (S.D.N.Y. Aug. 27, 2007).

A motion to transfer involves a twofold inquiry. First, the Court must determine if the action "might have been brought" in the district to which the movant seeks transfer. *DealTime.com, Ltd. v. McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000). If so, the Court must consider whether convenience and justice favors a transfer. *Id*. Factors relevant to this analysis include: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the

---

[1] Venue is proper in this Court because this district embraces the New York Supreme Court, Bronx Count. *See* 28 U.S.C. §1441(a).

[2] Defendant purports to bring its transfer motion under 28 U.S.C. § 1447(c) (*See* Hogan Aff., at ¶ 27), which actually governs remanding a case to state court. Based on the relief sought and the arguments on both sides, this Court will construe this motion as a motion to transfer venue.

locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances. *Id*.

This action could have been brought in the District of Connecticut because the accident took place in Connecticut and Plaintiff purchased the policy there. See 28 U.S.C. § 1391(a). Further, this action could have been brought in the Northern District of New York because Defendant is a resident of that district. *Id*. at § (a)(1) and (c). Thus, the Court must consider whether convenience and justice require a transfer.

As noted above, Defendant relies on a forum selection clause that was allegedly part of Plaintiff's policy. Neither Defendant nor Defendant's counsel, however, can explain why it took more than two years from the date of the accident to provide a copy of this provision to Plaintiff. Although, given Defendant's delay, this Court is inclined to find the forum selection clause ineffective, such a finding is unnecessary because, even disregarding this provision entirely, convenience and justice still warrant a transfer.

The first two factors that the Court considers in this analysis (convenience of the witnesses and parties) favor a transfer to the District of Connecticut. The surgeon who treated Plaintiff practices in Danbury, Connecticut, and Defendant suggests that a Connecticut claims adjuster may also be a witness. (*See* Hogan Repl. Aff., at ¶ 4; Hogan Aff., at ¶ 19.) Records from a Connecticut hospital are also relevant to this dispute, suggesting the possible need for another Connecticut witness. Although Plaintiff also visited a New York doctor (Hogan Repl. Aff., at ¶ 4), Plaintiff has not provided this doctor's location to the Court. It also seems plausible

that, to the extent Plaintiff has continued to suffer from his injury, he is being seen by one or more doctors in the New Paltz area, which is actually closer to the District of Connecticut than to this district. As for Plaintiff, his blanket assertions that he is a "New York" resident and that his counsel is located in the Bronx (Pl. Aff., at ¶16) fail to explain why he would rather pursue his case in this district, than in one that would require less travel for him.[3]

The third factor (the location of operative facts) also favors transfer, considering that the accident occurred in Connecticut and that Plaintiff purchased the relevant policy there. The fourth factor (availability of compulsory process) does not weigh in favor of either party, as neither suggests that necessary witnesses would be outside of the subpoena power of either this Court or the other district courts in question. The fifth factor (the location of relevant documents and sources of proof) again points to Connecticut, although the parties seem to agree that the relevant documents have already been produced. The parties have made no showing that would enable the Court to analyze the sixth factor (the relative means of the parties), and the Court thus finds this factor inapplicable. As for the seventh factor (the forum's familiarity with the governing law), the parties agree that Connecticut law will govern, which further suggests that Connecticut is the more convenient venue.

Courts afford considerable weight to the eighth factor (a plaintiff's choice of forum), if either: (a) the plaintiff resides in the chosen forum; or (b) the operative facts giving rise to the action occurred there. *Ducatel v. Sober Taxi, Inc.*, No. 08 Civ. 4219 (JG)(VVP), 2009 U.S. Dist.

---

[3] This Court also notes that Defendant filed this motion nearly four months after removing this action from state court and the parties have nearly completed discovery. Delay in moving to transfer, however, is only relevant if it has prejudiced the other party. *Crane v. Metro-North C. Railroad*, No. 87 Civ. 2876 (MJL), 1989 U.S. Dist. LEXIS 7094, at *6 (S.D.N.Y. Jun 26, 1989). Here, Plaintiff does not argue that the delay has prejudiced his case.

LEXIS 20314, at *9 (E.D.N.Y. Mar. 13, 2009). In this case, however, neither is true. Thus, although this factor favors denial of Defendant's motion, it need not be afforded considerable weight.

As for the ninth factor (trial efficiency), this case is not terribly complicated and the parties agree that it will only go to trial on the issue of damages. No trial has yet been scheduled, though, and it is unlikely that a transfer would result in significant delay. Finally, with regard to the tenth factor (the interest of justice), based on the totality of circumstances, it is noteworthy that this action simply bears no connection to this district,[4] and the limited resources of this Court could be better spent elsewhere. The people of Connecticut, however, have an interest in resolving disputes over Connecticut insurance policies, especially where the accident giving rise to the dispute occurred there. The Northern District of New York also has an interest in this action, albeit more attenuated, considering Plaintiff moved to that district several months after the accident.

Overall, the relevant factors point decidedly toward the District of Connecticut as the proper venue for this action, and, based on all of the circumstances presented, this Court finds that Defendant has made a sufficient showing to warrant transfer to that district.

---

[4] Indeed, the only connection this Court can find is that Plaintiff's counsel is located here. "The location of counsel, however, is not a consideration in a motion to transfer venue." *Azari v. B&H Photo Video*, No. 06 Civ. 7825 (DLC), 2007 U.S. Dist. LEXIS 12, at *9 (S.D.N.Y. Jan. 3, 2007).

## **CONCLUSION**

For all of the foregoing reasons, it is hereby ORDERED that Defendant's motion to transfer this action (Dkt. 7) is granted. The Clerk of the Court is directed to close this case on this Court's Docket, and to transfer the case to the District of Connecticut.

Dated: New York, New York
       March 26, 2009

                                      SO ORDERED

                                      */s/ Debra Freeman*
                                      DEBRA FREEMAN
                                      United States Magistrate Judge

Copies to:

John Maher, Esq.
Kravet, Hoefer & Maher, P.C.
4191 East Tremont Avenue
Bronx, New York 10465

James K. Hogan, Esq.
Bruno, Gerbino & Soriano, LLP
445 Broad Hollow Road, Suite 220
Melville, New York 11747